UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SFC JESUS JOSEPH BROWN and EMILEE BROWN, Individually and as Next Friend of N.J.B. and J.L.B., et al., | § § § § | No. 1:20-CV-1001-DAE |
| Plaintiffs, | § § | |
| SGT. YANY NIKOLETOPOULOS, BRITTANY NIKOLETOPOULOS, Individually and as Next Friend of A.N., | § § § § § | |
| Plaintiff-Intervenors, vs. | § § § | |
| FORT HOOD FAMILY HOUSING LP, FHFH, INC., and LEND LEASE US PUBLIC PARTNERSHIPS LLC, | § § § § § | |
| Defendants. | § | |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO COMPEL
ARBITRATION AND TO DISMISS AND (2) DENYING AS MOOT
DEFENDANTS' CORRECTED MOTION TO DISMISS

Before the Court is Defendants Fort Hood Family Housing LP, FHFH, Inc., and Lend Lease US Public Partnerships LLC's (collectively "Defendants") Motion to Compel Arbitration and to Dismiss, or in the Alternative, Motion to Stay Pending Arbitration (Dkt. # 48) and Defendants' Corrected Motion to Dismiss (Dkt. # 50), both filed on November 1, 2021. The Court finds these matters suitable for disposition without a hearing.

1

BACKGROUND

On October 21, 2020, Defendants filed a Motion to Compel Mediation, Arbitration, and to Dismiss, or in the Alternative, Motion to Stay Pending Mediation and, if Necessary, Arbitration ("First Motion to Compel ADR"). (Dkt. # 29.) However, on November 13, 2020, Defendants filed an Unopposed Motion to Withdraw their Original Motion to Compel ADR (Dkt. # 32), which the Court granted on November 16, 2020. (Dkt. # 34.) After mediation sessions were unsuccessful, the parties jointly moved to lift the stay and reinstate proceedings (Dkt. # 46); the Court granted that motion on October 1, 2021.

On November 1, 2021, Defendants filed a Motion to Compel Arbitration and to Dismiss, or in the Alternative, Motion to Stay Pending Arbitration ("Second Motion to Compel ADR") (Dkt. # 48), a Rule 12(b)(6) Motion to Dismiss (Dkt. # 49), and a Corrected Rule 12(b)(6) Motion to Dismiss (Dkt. # 50). Because Defendants' initial Rule 12(b)(6) Motion to Dismiss (Dkt. # 49) was mooted by the corrected version, only Defendants' Second Motion to Compel ADR and Corrected Rule 12(b)(6) Motion to Dismiss remain pending before the Court (collectively the "Motions"). (Dkts. ## 48, 50.) Plaintiffs and Plaintiff-Intervenors (collectively "Plaintiffs") responded to the Motions on

December 1, 2021 (Dkts. ## 54, 55), and Defendants replied in support on December 15, 2021 (Dkts. ## 58, 59).[1]

This case arises from Defendants' alleged failure to maintain acceptable living conditions under leases that the parties signed between December 15, 2015, and September 27, 2019, for on base housing at Fort Hood. (Dkt. # 48-1.) In their motion to compel arbitration, Defendants argue that this Court should compel the parties to arbitrate this dispute pursuant to the leases' dispute resolution provision, and that the Court should dismiss the case for that purpose. (Dkt. # 48.) In the alternative, Defendants request that these proceedings be stayed while arbitration is pending. (Id.) The relevant lease provision provides as follows:

> All disputes between the parties of this Agreement shall be resolved by mediation and/or binding arbitration in accordance with the terms and provisions of the Resident Guide.

(Dkt. # 48-1.) The relevant portion of the "Resident Guide" allows either party "the option to choose binding arbitration." (Dkt. # 48-2 at 19.)

## LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds

---

[1] The parties' briefing on the Motions was timely pursuant to their agreement and this Court's October 4, 2021 Order reinstating proceedings and setting deadlines for Rule 12 motions. (See Dkts. ## 46, 47.)

3

exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002).

The Fifth Circuit employs a two-step analysis to determine whether a party should be compelled to arbitrate a dispute. Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008) (citations omitted). First, a court must ask if the parties agreed to arbitrate the dispute. Webb v. Instacorp., Inc., 89 F.3d 252, 258 (5th Cir. 1996). This determination requires consideration of whether a valid agreement to arbitrate exists among the parties and whether the dispute is within the scope of the arbitration agreement. Id. In making this determination, courts should generally apply "ordinary state-law principles that govern the formation of contracts," but must give due regard to the federal policy favoring arbitration and resolve any ambiguities as to the scope of the arbitration clause itself in favor of arbitration. Id. Once a court determines that the parties agreed to arbitrate, the court must assess whether any legal restraints external to the agreement foreclose arbitration of the dispute. OPE Int'l L.P. v. Chet Morrison Contractors, Inc., 258 F.3d 443, 445–46 (5th Cir. 2001).

DISCUSSION

Defendants argue that they are entitled to invoke the leases' arbitration provisions to compel arbitration of the instant dispute. (Dkt. # 48.) In response, Plaintiffs claim that there is no valid agreement to arbitrate because the arbitration provision is illusory, and that even if an agreement exists, it cannot be enforced because it is unconscionable and violates Plaintiffs' Seventh Amendment right to a jury trial. (Dkt. # 55 at 2.)

I. **Agreement to Arbitrate**

In determining whether the parties agreed to arbitrate the instant dispute, the Court must consider whether (1) there is "a valid agreement to arbitrate the claims" and (2) "the dispute in question fall[s] within the scope of that arbitration agreement." Sherer, 548 F.3d at 381. The provision in the leases provides that *all* disputes arising between the parties to the agreement are to be "resolved by mediation and/or binding arbitration," and Plaintiffs do not contend that the instant dispute falls outside the scope of that provision.[2] Rather, Plaintiffs argue that the provision fails under the first prong because it is illusory.

The Resident Guide is incorporated into the lease contract by reference (see Dkt. # 48-1 at 5) and may be revised with 45 days' written notice to

---

[2] Additionally, were there any doubts regarding the arbitrability of Plaintiffs' claims, those doubts would be resolved in favor of arbitration. See Primerica, 304 F.3d at 471.

residents (Dkt. # 48-2 at 8). Because the Resident Guide may be unilaterally modified without Plaintiffs' consent, Plaintiffs argue that the arbitration agreement itself is illusory. (Dkt. # 55 at 8.)

Plaintiffs are correct that, under Texas law, "an arbitration provision [is] illusory if the contract permits one party to legitimately avoid its promise to arbitrate, such as by unilaterally amending or terminating the arbitration provision and completely escaping arbitration." Royston, Rayzor, Vickery, & Williams, LLP v. Lopez, 467 S.W.3d 494, 505 (Tex. 2015). However, here, the lease itself provides that "[a]ny modification to the terms and conditions of this Agreement to be effective must be executed in writing and signed and dated by the parties." (Dkt. # 48-1.) Thus, while Defendants had the authority to modify the Resident Guide, neither party had the power to unilaterally modify the dispute agreement found *in the lease itself*, which independently requires that all disputes be resolved through mediation and/or binding arbitration.[3]

Regardless, even if the Resident Guide contained the parties' sole arbitration agreement, the Court is not convinced that it would be illusory. The Texas Supreme Court has held that a notice window—like the 45-day window

---

[3] Plaintiffs claim that "[t]he inclusion of 'and/or' implies a choice of either mediation or binding arbitration." This argument is not persuasive. Had the parties intended to require only mediation *or* binding arbitration, they would have said as much. By including "and," the parties provided for the possibility that both mediation and binding arbitration might be required to resolve a given dispute.

here—saves arbitration agreements from being rendered illusory.  See In re
AdvancePCS Health L.P., 172 S.W.3d 603, 607 (Tex. 2005) (holding arbitration
agreement was not illusory where there was "a 30-day window during which the
arbitration clause [could not] be cancelled"); Royston, 467 S.W.3d at 505
(explaining that unilaterally voidable arbitration clauses are generally illusory, but
acknowledging exception where agreement can only be modified after a notice
period).  Here, because the lease requires a 45-day notice period before any
changes to the Resident Guide become effective, the arbitration provision
contained in the Resident Guide is not illusory.  See id.

  II.   **Unconscionability and Seventh Amendment Jury Right**

Plaintiffs next argue that, even if the arbitration agreement is valid,
the Court should not enforce it because it is unconscionable and infringes the
Plaintiffs' Constitutional right to a jury trial.

  a. **Unconscionability**

Plaintiffs claim that the lease arbitration provisions are substantively
unconscionable and therefore unenforceable under Texas law.  (Dkt. # 55 at 12–
13.)  However, Plaintiffs provide little support for this argument.  According to the
Texas Supreme Court, the "crucial inquiry" in determining whether an arbitration
clause is unconscionable is "whether the arbitral forum in a particular case is an
adequate and accessible substitute to litigation . . . ."  In re Olshan Foundation

Repair Co., LLC, 328 S.W.3d 883, 894 (Tex. 2010). Here, the only inadequacy Plaintiffs identify is that they would be deprived of a jury trial should this case be arbitrated. Were this a successful unconscionability argument, anyone bound by an arbitration clause could escape it by pointing out that they would be deprived of a jury trial if compelled to arbitrate. Such an outcome is not supported by Fifth Circuit precedent. American Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 711 (5th Cir. 2002) ("[When] claims are properly before an arbitral forum pursuant to an arbitration agreement, the jury trial right vanishes.").

Additionally, the other arguments Plaintiffs advance in support of unconscionability—(1) that the servicemembers' spouses and children did not sign the leases themselves and therefore lacked knowledge of the leases' contents and (2) that the servicemembers had no choice but to sign—both relate to the enforceability of the contract as a whole and therefore must be considered by the arbitrator rather than this Court. See In re Olshan, 328 S.W.3d at 898 (holding that, where the parties have contracted to engage in arbitration, the "determination of issues relating to the contract generally" must be allocated to arbitration). The arbitration clause itself is not unconscionable, and this Court's unconscionability inquiry must end there.

### b. Seventh Amendment Right to a Jury Trial

Finally, Plaintiffs argue that the arbitration clause is unenforceable because it was not accompanied by a "conspicuous provision that explicitly provides for waiver of a jury trial." (Dkt. # 55 at 15.) However, under Fifth Circuit precedent, "there is no requirement that an arbitration provision must clearly and unmistakably express the waiver of an individual's rights." American Heritage, 294 F.3d at 711. Instead, so long as "claims are properly before an arbitral forum pursuant to an arbitration agreement, the jury trial right vanishes." Id. Thus, because the Court finds that the arbitration clauses in the leases are valid and enforceable, Plaintiffs' waiver of their right to a jury trial is also valid.

The FAA provides that when a court properly and mandatorily refers claims to arbitration it shall stay the case until arbitration is complete. However, "[t]he weight of authority clearly supports dismissal of the case [as opposed to staying the suit] when all of the issues raised in the district courts must be submitted to arbitration." Rodgers-Glass v. Conroe Hosp. Corp., No. H-14-3300, 2015 WL 4190598, at *8 (S.D. Tex. July 10, 2015) (quoting Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)). In this case, all of Plaintiffs'

claims are subject to mandatory arbitration and the Court therefore chooses dismissal as the appropriate procedure.[4]

CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Compel Arbitration (Dkt. # 48) and **DISMISSES** the case **WITHOUT PREJUDICE** so that Plaintiffs may pursue their claims in arbitration in accordance with the terms of the arbitration agreement. The Court also **DENIES** Defendants' Corrected Motion to Dismiss as **MOOT** (Dkt. # 50), and directs the Clerk to **CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, June 6, 2022.

_____
David Alan Ezra
Senior United States District Judge

---

[4] Plaintiffs did not respond to Defendants' argument that this case should be dismissed rather than stayed pending arbitration were the Court to find arbitration appropriate.