# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SFC JESUS JOSEPH BROWN and EMILEE BROWN, Individually and as Next Friend of N.J.B. and J.L.B., et al., | § § § § | |
| *Plaintiffs*, | § § | |
| SGT. YANY NIKOLETOPOULOS, BRITTANY NIKOLETOPOULOS, Individually and as Next Friend of A.N., | § § § § | CIVIL ACTION NO. 1:20-cv-1001-DAE |
| *Plaintiff-Intervenors*, | § § | |
| v. | § § | |
| FORT HOOD FAMILY HOUSING LP, FHFH, INC., and LEND LEASE US PUBLIC PARTNERSHIPS LLC, | § § § § | |
| *Defendants*. | § § | |

### PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs and file their Motion to Reconsider the Court's Order Granting Defendants' Motion to Compel Arbitration and to Dismiss [Dkt. 60]. **An oral hearing is respectfully requested.** *See infra* at 7.

## I. FACTUAL BACKGROUND

1. On Monday, June 6, 2022, the Court granted *Defendants' Motion to Compel Arbitration and to Dismiss, or in the Alternative, Motion to Stay Pending Arbitration,* dismissing the case without prejudice so that Plaintiffs may pursue their claims in arbitration in accordance with the terms of the arbitration provision. Doc No. 60. Plaintiffs ask the Court to reconsider its June 6, 2022 Order.

## II. LEGAL STANDARD

2. Pursuant to Federal Rule of Civil Procedure 59(e), Motions to Reconsider may be filed within 28 days of the entry of judgment. *See* FED. R. CIV. P. 59(e). Such motions are appropriate and made in good faith when: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party is presenting newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice (including serious misconduct of counsel); or (4) there is an intervening change in controlling law. *See id.*; *see also Brown v. Miss. Coop. Extension Serv.*, 89 Fed. Appx. 437, 439 (5th Cir. 2004); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

3. In considering a Motion to Reconsider, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## III. ARGUMENTS AND AUTHORITIES

4. The Court should grant Plaintiffs' Motion for three reasons: (1) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party has obtained newly discovered evidence from Defendants, and (3) it is necessary to prevent manifest injustice.

### A. The Motion is Necessary to Correct Manifest Errors of Law or Fact Upon Which the Judgment is Based

5. The Court ordered that the military families agreed to arbitrate their claims and waived their Seventh Amendment right to a jury trial, despite the only family member to sign the document being the military spouse. The Court should reconsider its order compelling arbitration because its order impermissibly implies that servicemembers' family members waived their Seventh Amendment right to a jury trial without even signing a document.

6. This Motion is necessary to correct manifest errors of law or fact upon which the judgment is based because the Court's order broadly determines those who are subject to an arbitration agreement. A person who has not explicitly manifested assent to be subject to an arbitration agreement cannot be said to have waived their Seventh Amendment right to a jury trial.

7. Arbitration is a matter of contract; parties cannot be compelled to arbitrate matters they did not expressly agree to arbitrate. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). "The federal standard for determining the validity of a contractual waiver of the right to a jury trial is thus whether the waiver was made in a knowing, voluntary, and intelligent manner." *RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 813 (N.D. Tex. 2002). An arbitration clause waiving an individual's right to a jury trial must be enforceable and must also be an intentional, knowing, and voluntary waiver. *See id.* Compelling arbitration in this case would have the Court enforce an unconstitutional waiver of the Plaintiffs' right to a jury trial because the servicemembers' spouses and children never signed the leases and cannot be said to have intentionally, knowingly, and voluntarily waived their Seventh Amendment right to a jury trial.

### B. The Motion is Necessary because of Newly Obtained Evidence

8. This Motion is necessary because newly obtained evidence from Defendants

demonstrates that the arbitration provision in the leases is merely an unenforceable agreement to agree. In the days after the Court entered its order, counsel for Plaintiffs had a phone call with counsel for Defendants, attempting to confer with counsel for Defendants regarding the parameters of arbitration and the deadlines for filing arbitrations. The following week, counsel for Plaintiffs followed up on the communication by email, seeking to extend the most pressing deadline to facilitate a conversation regarding the arbitration. Receiving no meaningful response, on June 14, 2022, Plaintiffs initiated an arbitration with the American Arbitration Association on behalf of some of their clients with claims against Defendants and sent courtesy copies of the filed arbitration demands to counsel for Defendants on June 15, 2022. On July 1, 2022, counsel for Defendants finally advised counsel for Plaintiffs that they believed there were issues with the AAA filings. Presented with a written demand for arbitration and a specific request for what was necessary to invoke the arbitration provision of the leases, counsel for Defendants now claim that the AAA filing and the demand for arbitration were both insufficient to invoke arbitration. *See* **Exhibit A**, *Email from Michael Klebanov*. Specifically, Mr. Klebanov, on behalf of Defendants, stated, "[w]e wish to discuss with you and reach an agreement on rules and process." *See* Exhibit A.

9. The general rule is: ". . . unless an agreement to make a future contract be definite and certain upon all the subjects to be embraced, it is nugatory." *Radford v. McNeny*, 129 Tex. 568, 572, 104 S.W.2d 472, 474 (Comm'n App. 1937). In general, a contract is legally binding only if its terms are sufficiently definite to enable a court to understand the parties' obligations. *See Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000). "The rules regarding indefiniteness of material terms of a contract are based on the concept that a party cannot accept an offer so as to form a contract unless the terms of that contract are reasonably

certain." *Id.* "But an agreement to make a future contract is enforceable only if it is 'specific as to all essential terms, and no terms of the proposed agreement may be left to future negotiations.'" *Id.* It is well settled law that when an agreement leaves material matters open for future adjustment and agreement that never occur, it is not binding upon the parties and merely constitutes an agreement to agree." *Id.*

10. In the present case, newly obtained evidence, discovered only as a result of attempting to initiate arbitration, demonstrates quite plainly that the arbitration provision in the lease is merely an unenforceable agreement to agree—especially as seen from Defendants' viewpoint. Defendants insist on arbitration, but refuse to arbitrate or even consider an arbitration initiated until there is agreement on the "rules and process" to their liking. *See* **Exhibit A**. Accordingly, Plaintiffs ask that the Court reconsider its order and deny arbitration on the basis that the provision is unenforceable.

**C.   The Motion is Necessary to Prevent Manifest Injustice**

11. This Motion is necessary to prevent manifest injustice because there is a possibility that the military families at issue who are bound by the Court's order to arbitrate could run afoul of limitations potentially applying to their claims due to Defendants' failure thus far to cooperate in reaching agreement as to the forum and logistics of the arbitration proceedings. *See* **Exhibit A,** *June 15, 2022 to July 4, 2022 Email Chain between Plaintiffs' Counsel and Defendants' Counsel* (exhibiting a complete lack of cooperation by Defendants' counsel, and appearing to obstruct Plaintiffs' attempts to arbitrate in compliance with the Court's June 6, 2022 Order).

12. Specifically, there are a number of families who, under the most restrictive interpretation and/or construction of the applicable limitations period, arguably need to file their cases by July 7, 2022. The arbitration provision does not provide a particular forum for the

arbitration. These families prefer to arbitrate before the American Arbitration Association ("AAA"). However, these families are being delayed because Defendants have thus far not agreed to arbitrate before AAA, have not proposed an alternative arrangement, and are largely unresponsive in terms of facilitating the reaching of an agreement on where the families should arbitrate their claims and what the logistics of the arbitration will be. To the extent defendants may be attempting to delay in hopes that these families will not be able to file in time to prevent the running of limitations, such delay thwarts and flies in the face of the Court's June 6, 2022 Order, the intent of which was for the parties to proceed seamlessly and orderly to arbitration.

13. As such, if the Court's order remains that the parties must proceed with arbitration, Plaintiffs ask the Court to issue an order (or, upon reconsideration, amend its June 6, 2022 Order): (1) directing the parties to arbitrate under the AAA Consumer Rules; (2) equitably tolling the limitations period for a reasonable period of time so as to permit the parties to agree to the logistics of the arbitration proceedings (and, if the Court does not order the parties to arbitrate with AAA, to agree to the arbitration forum); (3) requiring that all tolling apply to Plaintiffs in this case and all of the similarly situated families represented by counsel for Plaintiffs against Defendants, including those whom defendants have agreed to include on the schedule of tolled claimants but who have not yet filed suit, as well as those who are similarly situated but have not yet filed claims; and (4) directing the parties to proceed to arbitration within the time period during which limitations are equitably tolled. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 127 (5th Cir. 1996) (equitable tolling applies "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."); Federal Arbitration Act, 9 U.S.C. §§ 4, 5 (permitting parties to petition a district court for an order directing arbitration to proceed in the manner provided for in the arbitration agreement and allowing a

district court to intervene in the selection of an arbitrator); *see also BP Expl. Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 490 (5th Cir. 2012) (holding district courts have authority to intervene to select an arbitrator when the agreement does not provide a method for selecting an arbitrator or if there is a lapse in the naming of an arbitrator or arbitrators). Indeed, anything less would result in a grievous injustice as currently (as things stand now) it appears Defendants may be attempting to delay in hopes that doing so will prevent Plaintiffs and similarly situated individuals "in some extraordinary way from asserting [their] rights." *See Rashidi*, 96 F.3d at 127.

## CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiffs pray that this Court reconsider its June 6, 2022 Order granting the Defendants' motion to compel arbitration and dismissing the case, and that Plaintiffs be granted such further and other relief to which they may be entitled.

> Respectfully submitted,
>
> **PULMAN, CAPPUCCIO & PULLEN, LLP**
> 2161 NW Military Highway, Suite 400
> San Antonio, Texas 78213
> (210) 222-9494 Telephone
> (210) 892-1610 Facsimile
>
> By: */s/ Ryan C. Reed*
>    Randall A. Pulman
>    Texas State Bar No. 16393250
>    rpulman@pulmanlaw.com
>    Ryan C. Reed
>    Texas State Bar No. 24065957
>    rreed@pulmanlaw.com
>
> **WATTS GUERRA LLP**
> 4 Dominion Drive
> Building 3, Suite 100
> San Antonio, TX 78257
> (210) 447-0500 Telephone
> (210) 447-0501 Facsimile

    Mikal Watts
    Texas State Bar No. 20981820
    mcwatts@wattsguerra.com
    Robert Brzezinski
    Texas State Bar No. 00783746
    rbrzezinski@wattsguerra.com
    Alicia O'Neill
    Texas State Bar No. 24040801
    aoneill@wattsguerra.com
    Jennifer Neal
    Texas State Bar No. 24089834
    jneal@wattsguerra.com

**MORIARTY SKIVER PLLC**
4119 Montrose, Suite 250
Houston, Texas 77006
(713) 528-0700 Telephone
(713) 528-1390 Facsimile

    James. R. Moriarty
    Texas State Bar No. 14459000
    jim@moriarty.com

**JOHNSON REIST PLLC**
1312 14th Street, Suite 202
Plano, TX 75074-6206
(469) 501-2559 Telephone
(469) 501-7471 Facsimile

    Wes Johnson
    Texas State Bar No. 24041204
    wjohnson@johnsonreist.com
    Jana Reist
    Texas State Bar No. 24056890
    jreist@johnsonreist.com

**ATTORNEYS FOR PLAINTIFFS**

## REQUEST FOR ORAL HEARING

Plaintiffs believe the Court will benefit from an oral hearing as it strives to reach a just and equitable decision that is correct under the law. Accordingly, pursuant to Local Rule CV-7(h), Plaintiffs respectfully request an oral hearing on this motion.

*/s/ Ryan C. Reed*
Ryan C. Reed

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all parties of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on July 5, 2022.

*/s/ Ryan C. Reed*
Ryan C. Reed